No 1,269.

## CITIZENS' INSURANCE COMPANY OF EVANSVILLE *v.* COIT, TRUSTEE.

ARBITRATION.—*Death of Party, Trustee of Express Trust, After Submission.—Revocation of Submission.—Insurance.*—Where the trustee of an express trust, in pursuance of the provisions of a contract of insurance, agrees to the submission of the question of the amount of loss to arbitrators, his death, resignation or removal after submission and before award is made, does not necessarily, of itself, revoke the submission.

From the Vanderburg Superior Court.

*J. E. Iglehart* and *E. Taylor,* for appellant.

*T. E. Garvin* and *G. C. Cunningham,* for appellee.

DAVIS, J.—This was an action upon a policy of insurance in favor of George P. Bissell, trustee, upon a brick business building situate in the city of Evansville. The amount of the policy was $1,000. The complaint was filed by appellee Coit on the 6th day of February, 1892. It appears that the fire occurred in February, 1891, and that said Bissell died in April of that year. The appellee recovered judgment in the court below for $1,048.16.

The errors assigned are:

1. The court erred in overruling the demurrer to the complaint.

2. The court erred in overruling the demurrer to the second paragraph of the reply.

3. The court erred in overruling the demurrer to the third paragraph of the reply.

4. The court erred in overruling the demurrer to the fourth paragraph of the reply.

5. The court erred in overruling the motion for a new trial.

The first and fifth errors have been waived by the failure to discuss them.

The argument in support of the third and fourth errors assigned is so brief in extent and so general in character that we are not convinced either of these errors has any substantial foundation.

The only question we feel called upon to determine, is the one presented by the second error assigned.

The policy contains the following provision:

"10. But provided, in case differences shall arise touching the amount of any loss or damage during the progress of the adjustment, or after proof thereof has been received in due form, the matter shall, at the written request of either party, be submitted to two impartial appraisers not related to the assured, and not interested as creditors of the assured or otherwise, one to be chosen by the company and one by the assured, and in case of a disagreement they to choose a third arbitrator of like qualifications. The award, in writing, of said arbitrators, or any two of them, shall be binding on both parties as to the amount of such loss or damage, but shall not decide the liability of this company under this policy, or affect any other question. And in case the request for such an appraisement shall be made by the company within sixty days after the furnishing of proof of loss by the assured, the loss under this policy shall not be payable until such an appraisement shall be made."

The second paragraph of the answer is based on an arbitration and award made in compliance with the terms of the above provision in the policy. That the award by the appraisers fixed the amount of the loss, so far as appellant is concerned, at $373.75, which was tendered to the assured before suit, and for which amount the company offered to confess judgment. It is further

shown in the answer that Bissell was a trustee for the owners of said real estate, and that in the instrument through which he held title as such trustee it was provided that in case of his death another trustee should be appointed as his successor in said trust; that after entering into the agreement of arbitration, the said Bissell died and the said Coit was appointed his successor.

The sufficiency of the answer is not questioned, and we have not attempted to give the entire substance of it.

The second paragraph of the reply which is addressed to the second paragraph of the answer, (and also, we believe to the third paragraph), admits the appraisement, but avers that after the submission was entered into, and before the making of the award, the said George P. Bissell died, whereby the submission and arbitration were revoked and set aside, and the appellee therefore says he is not bound thereby.

The assignment of error bringing in review the ruling on the demurrer to the second paragraph of the reply raises only the question as to the effect of the death of the trustee between the submission and release of the award.

If the death of said Bissell, the trustee, revoked the submission, the judgment should be affirmed. If his death did not have this effect, it should be reversed. The general rule is well settled that after a submission to arbitration, and before award, the death of one of the parties revokes the submission. Does the rule apply in the case of the death of a trustee? In other words, was the death of Bissell a revocation of the submission?

The beneficiaries are the real parties in interest. The trustee is only a nominal party.

In case of the death of the trustee of an express trust the same vests in the court having jurisdiction, until the appointment of his successor. Section 2978, R. S. 1881.

Citizens' Insurance Company of Evansville v. Coit, Trustee.

In this case, the submission of the question of the amount of the loss or damages was made by the parties in pursuance of the terms of the contract entered into between them. It was not merely in the exercise of his powers as such trustee that Bissell agreed to the submission of the question to arbitration, but it was his duty to do so under the terms of the contract. At least his duty in this respect has not been questioned. The fact that the submission of the question of the amount of the loss or damages was properly and rightfully made by him in pursuance to the terms of the contract embodied in the policy of insurance is not controverted. Neither is it claimed, so far as the question arising on this paragraph of the reply is concerned, that if the award had been made during the lifetime of Bissell, it would not have been binding on all the parties. If, under the circumstances disclosed in the second paragraph of the answer, and the second paragraph of the reply, the award would have been binding, if made during the lifetime of Bissell, why is it not binding now? It is conceded, at least not denied, that on the demand of the company, the trustee was required as a condition precedent to the prosecution of the suit to agree to the submission of the question as to the amount of the loss to arbitrators. In our opinion, therefore, where the trustee of an express trust, in pursuance of the provision of such a contract, agrees to the submission of the question of the amount of the loss to arbitrators, his death, resignation, or removal, does not necessarily of itself revoke the submission.

If the court, on his death, or his successor after his appointment, repudiates the submission, or if the submission, appraisement or award are tainted with fraud, a different question may arise.

However this may be, all that we are required to de-

cide and all we do decide is that the court erred in over-ruling the demurrer to the second paragraph of the reply.

Judgment reversed with instructions to sustain the demurrer to the second paragraph of the reply.

Filed Feb. 8, 1895.